**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1366**

LUIS ALBERTO FLORES,

            Petitioner,

      v.

WILLIAM P. BARR, Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 22, 2019                    Decided:  December 11, 2019

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jay S. Marks, THE LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Jessica E. Burns, Senior Litigation Counsel, Keith I. McManus, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alberto Flores, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing Flores' appeal from the immigration judge's order pretermitting his application for cancellation of removal. We deny the petition for review.

Flores contends that the agency lacked jurisdiction over his removal proceedings because the notice to appear filed with the immigration court did not indicate the time and date for his hearing. *See* 8 C.F.R. § 1003.14(a) (2019); *see also* 8 C.F.R. § 1003.13 (2019) (listing a "notice to appear" as one of the charging documents satisfying § 1003.14(a)); 8 U.S.C. § 1229(a)(1)(G)(i) (2018) (listing "[t]he time and place at which [removal] proceedings will be held" as required contents of a "notice to appear"). Flores relies on the Supreme Court's decision in *Pereira v. Sessions,* 138 S. Ct. 2105 (2018) (holding that notice to appear that fails to designate specific time or place of removal proceeding does not trigger stop-time rule ending alien's continuous presence period for purposes of cancellation of removal).

We recently rejected this same basic claim in *United States v. Cortez*, 930 F.3d 350, 358 (4th Cir. 2019) (holding that failure of a notice to appear to include a date and time for petitioner's removal hearing "does not implicate the immigration court's adjudicatory authority or 'jurisdiction'"). First, we explained in *Cortez*, § 1003.14(a) is "a docketing rule" lacking jurisdictional significance, meaning that a violation of that rule would not deprive an immigration court of authority to adjudicate a case. *Id*. at 362. Second, as we further explained in *Cortez*, Flores is in any event wrong on the merits: whether a case is

2

properly docketed with the immigration court under § 1003.14(a) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b), (c) (2019), which do not mandate inclusion of the hearing date and time. *Cortez*, 930 F.3d at 363-64.[*] The notice filed with the immigration court in Flores' proceeding conformed to that regulatory definition.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] The statutory provision on which Flores relies, 8 U.S.C. § 1229(a), is concerned with the issue of notice to noncitizens and has no bearing on whether a notice filed with an immigration court properly commences proceedings under 8 C.F.R. § 1003.14(a). *Cortez*, 930 F.3d at 363-66.